IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **SAMSON EUGENE JAMES,** | : |
| **Plaintiff,** | : |
| v. | : CASE NO. 5:16-CV-29-CAR-CHW |
| **Doctor MACK,** *et al.*, | : |
| **Defendants.** | : |

_____

### ORDER

Plaintiff Samson Eugene James has filed a *pro se* complaint seeking relief pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff alleges that Defendants violated his constitutional rights by failing to "call police" to conduct an investigation after he was raped; placing him in segregation without food; and allowing an officer to pepper spray him without just cause.  (Compl. 5, ECF No. 1.)  Plaintiff has, however, already initiated another lawsuit making similar allegations against each of the Defendants.[1]  This action therefore involves the same parties and brings claims that appear to be closely related (if not identical) to those alleged in Plaintiff's pending lawsuit.

---

[1] In that case, Plaintiff was ultimately ordered to recast his claims against Defendants Mack and Nurse Michelle.  *See James v. Massee*, Order, ECF No. 47 in Case No. 5:15-CV-00035-MTT-MSH (M.D. Ga. Dec. 22, 2015).  It may be that the complaint in this case is Plaintiff's effort to comply with the Court's order to recast.  In addition, the claims against Defendant Massee were dismissed without prejudice for failure to state a claim in the earlier-filed case, and the claims against Defendants Reeves and Neff were permitted to proceed for further factual development.  *See James v. Massee*, Order & Recommendation 6, ECF No. 22 in Case No. 5:15-CV-00035-MTT-MSH (M.D. Ga. July 13, 2015); *James v. Massee*, Order 1, ECF No. 33 in Case No. 5:15-CV-00035-MTT-MSH (M.D. Ga. Oct. 2, 2015) (adopting Order and Recommendation).

Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact."[2] Consolidation of Plaintiff's cases will conserve judicial resources and permit the efficient resolution of Plaintiff's claims.  It is therefore **ORDERED** that this case, 5:16-CV-29-CAR-CHW, be **CONSOLIDATED** into *James v. Massee*, 5:15-CV-35-MTT-MSH, and that the present case, 5:16-CV-29-CAR-CHW, be **ADMINISTRATIVELY CLOSED.**

**SO ORDERED**, this 17th day of February, 2016.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

---

[2] "[T]he lack of any Rule 42(a) motion from any party in either of the two cases is no impediment to consolidation if the relevant considerations warrant same." *Chambers v. Cooney*, No. 07-0373-WS-B, 2007 WL 3287364, at *1 (S.D. Ala. Nov. 2, 2007) (citing *Devlin v. Transp. Comm. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*.")).